```
UNITED STATES DISTRICT COURT
 MIDDLE DISTRICT OF FLORIDA
        TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                         Case No.: 8:20-cr-111-VMC-AAS

ELVIS HAROLD REYES

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Elvis Harold Reyes's pro se Motion for Compassionate Release (Doc. # 156), filed on December 24, 2022. The United States of America responded under seal on January 18, 2023. (Doc. # 158-1). For the reasons set forth below, the Motion is denied.

**I.   Background**

On April 12, 2021, Mr. Reyes was sentenced to a 249-month term of imprisonment for mail fraud and aggravated identity theft. (Doc. ## 77, 139). Mr. Reyes is 58 years old, and his projected release date from Springfield Medical Center is March 16, 2038.[1]

Now, Mr. Reyes seeks compassionate release from prison under Section 3582(c)(1)(A), as amended by the First Step Act, based primarily on his medical conditions, including

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

1

kidney disease and heart problems. (Doc. # 156). He also notes that his parents are elderly, with his father also suffering from Alzheimer's, such that they need his help to care for them. (Id. at 5). The United States has responded (Doc. # 158-1), and the Motion is now ripe for review.

## II. Discussion

The United States argues first that the Motion should be denied because Mr. Reyes has not established an extraordinary and compelling reason for compassionate release. (Id. at 6-7). The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Mr. Reyes argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

2

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; (3) the defendant is at least 65 years old and is experiencing serious deterioration in health due to aging after serving at least 10 years or 75 percent of his term of imprisonment, (4) the death or incapacitation of the caregiver of the defendant's minor children; or (5) the incapacitation of the defendant's spouse when the defendant would be the only available caregiver for the spouse. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and

3

Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Mr. Reyes bears the burden of establishing that compassionate release is warranted. See United States v. Johnson, No. 21-12629, 2022 WL 17246763, at *5 (11th Cir. Nov. 28, 2022) ("As the movant, Defendant had the burden of establishing his entitlement to early release under § 3582(c).").

In his Motion, Mr. Reyes advances two reasons for compassionate release. He argues that his parents are elderly, and his father has Alzheimer's, such that Mr. Reyes needs to be released to take care of them. (Doc. # 156 at 5). While the Court feels for Mr. Reyes and his parents, taking care of elderly or ill parents is not an enumerated extraordinary and compelling reason for release. See Bryant, 996 F.3d at 1248; United States v. Worthy, No. 20-14855, 2021 WL 4627309, at *2 (11th Cir. Oct. 7, 2021) ("Worthy's mother's terminal illness does not provide an extraordinary and compelling circumstance. . . . Based on a plain reading of § 1B1.13, caring for one's parents falls outside the purview of reasons warranting relief. Thus, Worthy's request to care for his mother was inconsistent with § 1B1.13 and would not

provide a basis for relief."). Thus, compassionate release cannot be granted on this basis.

Mr. Reyes also highlights his ill health, arguing that his medical conditions make it difficult to provide self-care in prison. (Doc. # 156 at 5). True, Mr. Reyes suffers from kidney disease, for which he is on hemodialysis, and has heart problems, among other things. (Id.; Doc. # 158-1 at 7; Doc. # 158-6). But, while these conditions are serious, Mr. Reyes has not proven that these conditions substantially diminish his ability to provide self-care in prison. Indeed, the medical officer from Mr. Reyes's facility wrote in a special progress note from January 2023 that Mr. Reyes "has no problems with activities of daily living" and his life expectancy is "greater than 18 months since [hemodialysis] can extend life by years/decades." (Doc. # 158-7). Thus, Mr. Reyes has not met his burden of establishing an extraordinary and compelling reason for compassionate release.

Even if Mr. Reyes had established an extraordinary and compelling reason, compassionate release would still be inappropriate here. Before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, U.S.S.G. 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors favor early release.

5

Notably, Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime.

Here, Mr. Reyes is a danger to others and the Section 3553(a) factors weigh against early release. As the United States correctly notes, Mr. Reyes's offense "involved the exploitation of hundreds of vulnerable immigrants for personal profit" and Mr. Reyes "paraded himself as an attorney, accountant, pastor, immigration expert, former USCIS official, and former agent of the FBI and HSI." (Doc. # 158-1 at 7-8). Furthermore, Mr. Reyes had multiple convictions prior to this case, including numerous convictions involving monetary fraud and grand theft, as well as a conviction for aggravated assault. (Id. at 2; Doc. # 68 at 30-43). Thus, Mr. Reyes would pose a danger to the community if released. Furthermore, releasing Mr. Reyes when he has served far less than half of his sentence would not reflect the seriousness of his crime or promote respect for the law.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Elvis Harold Reyes's pro se Motion for Compassionate Release (Doc. # 156) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>17th</u> day of May, 2023.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE