UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:20-cr-111-VMC-AAS

ELVIS HAROLD REYES

_____/

### ORDER

This matter comes before the Court pursuant to Defendant Elvis Harold Reyes's "Motion for Compassionate Release," filed on June 20, 2025. (Doc. # 166). Also before the Court is Mr. Reyes's pleading "Motion to Add to Sentence Reduction," filed on December 8, 2025. (Doc. # 171). The Government has responded to both of Mr. Reyes's pleadings. (Doc. ## 169, 175). For the reasons set for below, the Motions are denied.

### Discussion

On March 5, 2020, Mr. Reyes was indicted with eight counts of mail fraud, eight counts of making false statements in Form I-589 applications, and nine counts of aggravated identity theft. (Doc. # 1). In December 2020, pursuant to a plea agreement, Mr. Reyes pled guilty to one count of mail fraud and one count of aggravated identity theft. (Doc. ## 50, 54). The Court sentenced Mr. Reyes to 249 months'

imprisonment followed by three years' supervised release. (Doc. # 139). The Court also imposed restitution in the amount of $442,368. (Id.) To date, he has served approximately 57 months, or 23 percent, of his sentence. (Doc. # 175-4).

In his Motions, Mr. Reyes requests the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. ## 166, 171). Under that statute, a court is permitted to reduce a term of imprisonment if the court determines that (1) extraordinary and compelling reasons warrant such a reduction, (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, and (3) the § 3553(a) sentencing factors weigh in favor of a reduction. United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021).

Mr. Reyes offers several arguments supporting his Motions. The Court addresses each in turn.

### 1. Exhaustion of Administrative Remedies

Mr. Reyes first contends that he has fully exhausted all administrative remedies to bring a motion for sentence reduction, as required by § 3582(c)(1)(A). (Doc. # 166 at 1). To obtain relief under § 3582, a defendant must first "fully exhaust all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf

or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See United States v. Harris, 989 F.3d 908, 909–10 (11th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

On August 8, 2024, Mr. Reyes submitted a "Request to Staff" application to the Warden of the U.S. Medical Center for Federal Prisoners in Springfield, Missouri, requesting a reduction in sentence pursuant to extraordinary or compelling reasons based on his medical conditions. (Doc # 175-6). On August 23, 2024, the Warden denied this request and notified Mr. Reyes that "you may exercise your appeal rights through the Administrative Remedy Procedure by contacting your unit counselor." (Doc. # 175-5). The Government represents that Mr. Reyes "did not renew his motion with the BOP, therefore, the last documents received by BOP is the request sent to the Warden of Springfield in August 2024." (Doc. # 175-2 at 5). Nonetheless, the Government states that "this Court may consider the merits of [Mr. Reyes's Motions]" because "[m]ore than 30 days passed from the BOP's receipt of Reyes' original application before he filed his motion in this Court." (Id.).

Accordingly, because more than 30 days have lapsed since Mr. Reyes filed is initial request to the Warden, Mr. Reyes

3

has satisfied the exhaustion requirements of § 3582(c)(1)(A)(i). See Harris, 989 F.3d at 909–10.

## 2. Extraordinary and Compelling Circumstances

As provided under 18 U.S.C. § 3582(c)(1)(A), a court is permitted to reduce a term of imprisonment if the court determines that (1) extraordinary and compelling reasons warrant such a reduction, (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, and (3) the § 3553(a) sentencing factors weigh in favor of a reduction. All three of these requirements must be shown in order to obtain relief under § 3582(c)(1)(A).

As to the first and second requirements of § 3582(c)(1)(A), Mr. Reyes argues that various of his personal circumstances constitute extraordinary and compelling reasons for sentence reduction under the policy statements of the United States Sentencing Guidelines. Specifically, Mr. Reyes points to the fact that he suffers from various medical conditions, that his parents are elderly and ailing, and that he has been unable to make memories with his grandchildren. (Doc. ## 166 at 1-2, 171 at 1-2).

### a. Family Circumstances

U.S.S.G. § 1B1.13(b) permits a sentence reduction based on family circumstances when:

4

(3) Family Circumstances of the Defendant.—

    (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

    (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

    (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. §1B1.13(b)(3).

Here, Mr. Reyes states that his elderly parents have Alzheimer's disease and dementia, and that no one is available to assist them in Puerto Rico with daily caregiving. (Doc. # 166 at 2). Further, Mr. Reyes states that he has not made any

memories with his grandchildren and, "it is one of the suffering thoughts the defendant has to live with." (Id.).

As an initial matter, the fact that Mr. Reyes has missed out on making memories with his grandchildren is not a cognizable basis for relief under U.S.S.G. §1B1.13(b)(3).

Moreover, Mr. Reyes has provided no documentation or detailed information about his parents' medical conditions or lack of care. Accordingly, the Court finds that the record does not reflect that Mr. Reyes has established his parents' incapacity. See United States v. Colonna, 535 F. Supp. 3d 1291, 1297 (S.D. Fla. 2021) ("Defendant bears the burden of establishing that compassionate release is warranted") (citing United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013)).

Even if the incapacity of Mr. Reyes's parents were established, the Government argues that the record does not reflect that Mr. Reyes would be the only available caregiver to his parents. (Doc. # 175-2 at 7). Indeed, according to the presentence investigation report prepared by Probation, Mr. Reyes has four other siblings, one of which lives in Puerto Rico where his parents reside. (Doc. # 68 at 47). Probation's report further indicates that one of Mr. Reyes's sisters assists his parents when possible. (Id.). In addition, the

exhibits filed by Mr. Reyes himself indicate that his parents currently live in a house owned or rented by his sister. (Doc. # 171-2 at 2). Thus, the Court finds that the record does not reflect that Mr. Reyes has established that he "would be the only available caregiver" for his parents. See U.S.S.G. §1B1.13(b)(3)(C).

Accordingly, the Court finds that Mr. Reyes's family circumstances do not constitute extraordinary and compelling reasons warranting a sentence reduction.

**b. Medical Circumstances**

U.S.S.G. § 1B1.13(b) permits a sentence reduction based on medical circumstances when:

(1) Medical Circumstances of the Defendant.—

(A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(B) The defendant is—

(i) suffering from a serious physical or medical condition,

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. §1B1.13(b)(1).

Here, Reyes asserts that he suffers from chronic medical conditions that are debilitating, including end-stage renal disease, hypertension, and many other chronic illnesses. (Doc. # 166 at 1). Additionally, he states that his newest chronic illness includes bleeding from the intestines and that he required a four-liter blood transfusion. (Id.). He further states that he spent 32 days in the hospital for fluid in his lungs, a heart attack, and more bleeding. (Doc. # 171 at 1-2). Indeed, the Government represents that Mr. Reyes "does suffer from chronic kidney disease, hearing loss, diabetes, and cardiac issues." (Doc. # 175-2 at 8).

The Court notes that Mr. Reyes is currently incarcerated at the Devens Federal Medical Center in Massachusetts. (Id. at 2). Devens is a "level 4 facility and medical referral center," meaning it "handles the most complex of medical needs ranging from dialysis for inmates to those who are paralyzed and require nursing and medical care around the clock." (Id.).

8

However, the Government has submitted exhibits of Mr. Reyes's medical records which indicate that Mr. Reyes's ability to care for his medical issues is primarily affected by his own personal choices. The medical records note that Mr. Reyes was referred to physical therapy, but that he does not attend by choice; that he only participated in about 50 percent of the cardiac rehabilitation program to which he was medically referred; and that he regularly signs off his dialysis machine early against medical advice, solely because he is uncomfortable. See (Doc. # 175-7 at 3). Indeed, the medical records reflect that Mr. Reyes has history of refusing medical treatment, including dialysis, recommended by BOP medical staff for treating or diagnosing his medical conditions, including chronic renal failure, high blood pressure, heart disease, internal bleeding, and other conditions. (Id. at 289, 292, 317, 335, 352; Doc. # 175-8 at 1, 5, 10, 15).

Finally, the Government has submitted an exhibit of a "special progress note" written in July 2025 by Medical Officer Dr. Scott R. Moose of the U.S. Medical Center for Federal Prisoners. (Doc. # 175-9). Dr. Moose notes that, despite Mr. Reyes's poor compliance with medical advice and treatments, Mr. Reyes "has no problems with activities of

daily living." (Id.). Dr. Moose further notes that Mr. Reyes's life expectancy is "greater than 18 months since [his prescribed medical treatment] *can extend life by years to decades with good compliance*." (Id.) (emphasis added).

Accordingly, the Court finds the record does not reflect that Mr. Reyes's medical circumstances constitute extraordinary and compelling reasons warranting a sentence reduction.

### 3. The § 3553(a) factors

Even if there were extraordinary and compelling reasons warranting a reduction, the Court concludes that the 18 U.S.C. § 3553(a) factors weigh against a sentence reduction.

Mr. Reyes pled guilty to serious fraud offenses. (Doc. ## 50, 54). His criminal conduct involved falsely holding himself out as an attorney and immigration expert while exploiting hundreds of vulnerable immigrants for his own personal profit. (Doc. # 50 at 21-24). Despite acknowledging his guilt in his plea agreement, Mr. Reyes's own Motions reflect that he still fails to appreciate the damaging nature of his criminal conduct. See (Doc. # 166 at 3) ("I believed at the time that I was doing right, I had no intentions to hurt anyone . . . I just thought that I was doing the correct thing."). Furthermore, Mr. Reyes has a significant number of

10

prior convictions for theft and fraud-related offenses, including six convictions for grand theft and ten convictions for obtaining property by worthless check. (Doc. # 68 at 59). Finally, Mr. Reyes has only served about 57 months, or 23 percent, of his 249 months' sentence. (Doc. # 175-4).

On this record, the Court finds that a reduction of Mr. Reyes's sentence is not warranted. Reducing Mr. Reyes's sentence is not warranted upon consideration of his history and characteristics, and a reduction would not reflect the seriousness of his offense, promote respect for the law, or afford adequate deterrence.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

Elvis Harold Reyes's "Motion for Compassionate Release," (Doc. # 166), and "Motion to Add to Sentence Reduction," (Doc. # 171), are **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of February, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

11