UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELVIS HAROLD REYES

v.                                    Case No. 8:20-cr-111-VMC-AAS
                                               8:23-cv-1322-VMC-AAS

UNITED STATES OF AMERICA

_____/

### ORDER

This matter is before the Court on Elvis Harold Reyes's pro se amended 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. # 24). The Government responded on July 23, 2025. (Civ. Doc. # 28). Mr. Reyes filed a reply on August 4, 2025 (Civ. Doc. # 29), to which the Government objected. (Civ. Doc. # 30). For the reasons that follow, the Motion is denied.

### I.   Background

On March 5, 2020, Mr. Reyes was indicted on eight counts of mail fraud, eight counts of making false statements in Form I-589 applications, and nine counts of aggravated identity theft. (Crim. Doc. # 1). In December 2020, pursuant to a plea agreement, Mr. Reyes pled guilty to one count of mail fraud and one count of aggravated identity theft. (Crim. Doc. ## 50, 54, 56). The Court sentenced Mr. Reyes to 249

1

months' imprisonment followed by three years' supervised release. (Crim. Doc. # 139). The Court also imposed restitution in the amount of $442,368. (Id.).

Despite the sentence-appeal waiver contained in his plea agreement (Crim. Doc. # 50 at 18-19), Mr. Reyes appealed the Court's restitution order. (Crim. Doc. ## 80, 143). The Eleventh Circuit affirmed this Court, holding that the order of restitution did not exceed the statutory maximum penalty, did not violate the Eighth Amendment, and that Mr. Reyes's challenge to the calculation of actual loss was barred by the appeal waiver. (Crim. Doc. # 154); United States v. Reyes, No. 21-11286, 2022 WL 4476660, at *2 (11th Cir. Sept. 27, 2022), cert. denied, 143 S. Ct. 829 (2023). The Supreme Court denied Mr. Reyes's petition for a writ of certiorari on February 21, 2023. (Crim. Doc. # 160).

Mr. Reyes filed his original Section 2255 motion on July 12, 2023. (Civ. Doc. # 1; Crim. Doc. # 164). On July 26, 2023, Mr. Reyes filed a motion to amend his Section 2255 motion (Civ. Doc. # 2), and the Court granted him leave to file an amended motion by August 7, 2023. (Civ. Doc. # 3). On July 31, 2023, Mr. Reyes moved for an extension of time (Civ. Doc. # 4), and the Court extended the deadline to file the amended motion to September 4, 2023. (Civ. Doc. # 5). On August 29,

2025, Mr. Reyes again moved for an extension of time. (Civ. Doc. # 6). On October 8, 2023, the Court extended the deadline to file the amended motion to December 4, 2023, and directed the Government to respond by January 4, 2024. (Civ. Doc. # 8). Mr. Reyes failed to file an amended Section 2255 motion by December 4, 2023. On January 4, 2023, the Government moved for an extension of time to respond to Mr. Reyes's original Section 2255 motion (Civ. Doc. # 9), and the Court extended the Government's response deadline to March 5, 2024. (Civ. Doc. # 11). The Government filed its response to the original Section 2255 motion on March 5, 2024. (Civ. Doc. # 13).

On September 21, 2024, Mr. Reyes filed a second motion to amend his Section 2255 motion. (Civ. Doc. # 17). The Government failed to respond. On May 22, 2025, the Court granted the motion to amend as unopposed, and directed Mr. Reyes to file his amended Section 2255 motion by June 23, 2025. (Civ. Doc. # 23). In doing so, the Court expressly ordered that "Mr. Reyes must include all facts and arguments he wishes the Court to consider in the amended 2255 motion because the filing of the amended motion will moot the original 2255 motion. The amended 2255 motion will thus become the operative pleading." (Id.).

3

On June 9, 2025, Mr. Reyes filed the amended Section 2255 Motion. (Civ. Doc. # 24). On July 16, 2025, the Court denied the original Section 2255 motion as moot, and directed the Government to respond to the amended Section 2255 Motion by July 24, 2025. (Civ. Doc. # 27). The Government responded (Civ. Doc. # 28), Mr. Reyes replied (Civ. Doc. # 29), and the Government objected to the reply. (Civ. Doc. # 30).

The amended Section 2255 Motion is ripe for review.

## II.  Discussion

### A.    Failure to Comply with Local Rules

The rules of this Court provide as follows:

(a) REQUIRED FORM. A pro se person in custody must use the standard form — available without charge from the clerk and on the court's website — to file:

> (1) an application under 28 U.S.C. § 2241,

> (2) an application under 28 U.S.C. § 2254 or a motion under 28 U.S.C. § 2255, or

> (3) a complaint, such as a 42 U.S.C. § 1983 complaint, that alleges a violation of the United States Constitution or other federal law by a governmental official.

M. D. Fla. Local Rule 6.04.

Mr. Reyes's pro se amended Section 2255 Motion violates this Rule because it does not use the standard form mandated by this Court. See (Civ. Doc. # 24). This failure to comply

is more notable in light of Mr. Reyes's original Section 2255 Motion, which did comply with the standard form. See (Civ. Doc. # 1). Because it fails to comply with this Court's rules, the amended Section 2255 Motion is due to be denied. See e.g., Garcia v. Ptak, No. 8:23-cv-406-CEH-SPF, 2024 WL 4881365, at *1 (M.D. Fla. Nov. 25, 2024) (dismissing prisoner's pro se complaint for failure to comply with Local Rule 6.04).

### B.    Timeliness

The Government argues that Mr. Reyes's amended Section 2255 Motion should be dismissed as untimely. (Civ. Doc. # 28 at 9-14). The Government acknowledges that Mr. Reyes's original Section 2255 Motion, filed on June 12, 2023, was timely because it was filed within one year of the Supreme Court's February 21, 2023 denial of his certiorari petition. (Id. at 9-10); see Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001) (Section 2255 limitation period "begins to run when the Supreme Court denies certiorari or issues a decision on the merits"). Nonetheless, the Government contends that Mr. Reyes's amended Section 2255 Motion, filed on June 9, 2025, is untimely for two reasons.

First, the Government points out that Mr. Reyes's second motion to amend, filed September 21, 2024 (Civ. Doc. # 17), requested authorization to amend the Section 2255 motion only

5

after the limitation period ended on February 21, 2024 (i.e., one year after the Supreme Court's certiorari denial). And though the Court's May 2025 Order permitted Mr. Reyes to file the amended Motion by June 2025, Mr. Reyes's June 9, 2025 filing of the amended Section 2255 Motion was more than one year after the limitation period ended.

Second, the Government acknowledges that an untimely Section 2255 motion may be deemed timely if it relates back to a timely filed motion. See Mederos v. United States, 218 F.3d 1252, 1253-54 (11th Cir. 2000) (amended motion is timely if it relates back to timely initial motion."); Mayle v. Felix, 545 U.S. 644, 664 (2005) (relation back only applies when "the original and amended petitions state claims that are tied to a common core of operative facts."). Here, the Government argues that "[n]one of [the] five grounds [in Mr. Reyes's amended Section 2255 Motion] relate back to the original motion." (Civ. Doc. # 28 at 12).

For purposes of this Order, the Court assumes without deciding that Mr. Reyes's amended Section 2255 Motion relates back and is therefore timely. Nonetheless, even under that assumption, the Motion fails on the merits.

6

B.    **Merits**

In his amended Section 2255 Motion, Mr. Reyes raises five grounds for relief. (Civ. Doc. # 24). The Court addresses each in turn.

### 1.    *The First Ground*

In his first ground, Mr. Reyes states in full:

> That according to New case Law Dubin v. United States (2023) the charge of Aggravated Identity theft is not Aggravated Identity theft or any other kind of theft "IF" the victim gave permission and according to the Police/Agents the victims in this case "ALL" stated that they had given Mr. permission. Therefore, Mr. Reyes the defendant is requesting relief to time served on his sentence.

(Civ. Doc. # 24 at 1) (typographical errors in original).

In his reply, Mr. Reyes further states as follows:

> The government is wrong on Dubin v. United States it does match the defendant's issue and even his lawyer argued with the government Dubin v. US came out in 2023 and all the victims stated that they gave permission. Also the mail fraud the defendant's signature or hand writing are on the documents. All the defendant wanted was to be of help.

(Civ. Doc. # 29 at 2) (typographical errors in original).

It thus appears that Mr. Reyes seeks to attack his conviction for aggravated identity theft on the basis that he had "permission" from the victims. It further appears that

7

Mr. Reyes believes that the Supreme Court's decision in Dubin v. United States, 599 U.S. 110 (2023), somehow exonerates identity theft if the victim gave permission in some manner. But Mr. Reyes's reliance on that decision is misplaced.

As Mr. Reyes acknowledged in his plea agreement (Crim. Doc. # 50 at 3), the elements of Mr. Reyes's aggravated identity theft charge are:

1. The defendant knowingly transferred, possessed, or used another person's means of identification;

2. Without lawful authority; and

3. During and in relation to the felony offense of mail fraud.

(Id.) (reflecting Mr. Reyes's predicate offense of mail fraud); see also 18 U.S.C. § 1028A(a)(1).

As shown above, "permission" (or lack thereof) is not an element of aggravated identity theft. At most, Mr. Reyes's argument about "permission" might be construed as addressing the second element, i.e., lawful authority. To the extent that Mr. Reyes claims that he had lawful authority to use his victims' means of identification, such an argument might potentially serve as an attack on his conviction and sentence. However, Mr. Reyes's only cited authority, Dubin, provides no support for such a claim.

In Dubin, the Supreme Court held that "[a] defendant 'uses' another person's means of identification 'in relation to' a predicate offense when this use is at the crux of what makes the conduct criminal." 599 U.S. at 132. The decision makes clear that the Supreme Court was only focused on the relationship between the first and third elements of aggravated identity theft. See Id. at 116-17 ("This case turns on two of § 1028A(a)(1)'s elements. Of the various possible ways to violate § 1028A(a)(1), petitioner was convicted for 'us[ing]' a patient's means of identification 'in relation to' healthcare fraud. The parties offer competing readings of these two elements." (alterations in original)). Though it briefly mentioned "permission" and "lawful authority" in passing, the Supreme Court expressly declined to interpret the second "without lawful authority" element. See Id. at 128, n.8 ("The Court need not, and does not, reach the proper interpretation of 'without lawful authority.'").

Accordingly, the Motion is denied as the first ground. Dubin does not support Mr. Reyes's argument, and Mr. Reyes presents no other argument or evidence challenging his conviction and sentence for aggravated identity theft. See Beeman v. United States, 871 F.3d 1215 (11th Cir. 2017) ("[A] § 2255 movant 'bears the burden to prove the claims in his §

2255 motion.'" (quoting <u>Rivers v. United States</u>, 777 F.3d 1306, 1316 (11th Cir. 2015))).

### 2.    *The Second Ground*

In his second ground, Mr. Reyes states in full:

> That the defendant claims that his attorney at the time was ineffective and acted more as a prosecutor than his defense attorney, everything was he the prosecutor can do as he wants. The defendant asks for time serve.

(Civ. Doc. # 24 at 1) (typographical errors in original).

In his reply, Mr. Reyes further states:

> The defendant states that at one point he Fired his appointed attorney and requested to speak to her supervisor. It took about one hour between the attorney and her paralegal to convience him not too. The defendant believed then and believes now that his attorney worked for the prosecution not for his best interest. The defendant states that he requested to go to trial but his attorney said "Frank" the prosecutor always wins. . . .

> The defendant states that he took the plea agreement based on threats and He was told one thing by the prosecutor Frank Murray but he lied and did the opposite. My lawyer did not even object when he withdrew the plea on sentencing day. But she did file a complaint on him for lying.

(Civ. Doc. # 29 at 1-2) (typographical errors in original).

On August 12, 2025, the Government filed an objection (Civ. Doc. # 30) to Mr. Reyes's reply, stating:

10

> Reyes has now filed a "motion" which may be interpreted as raising new claims of ineffective assistance of counsel or expanding his previous claims without authorization. The United States objects to this and any further attempts by Reyes to amend his already-amended § 2255 claims. This Court specifically advised Reyes that his amended motion "must include all facts and arguments he wishes the Court to consider[.]" Any new allegations that were not raised in his amended § 2255 motion do not comply with that order. To the extent that Reyes's most recent "motion" is construed as a "reply" to the United States' response to his amended § 2255 motion, the United States would still object to the inclusion of any new or expanded claims.

(Id. at 2) (citations omitted); (Id. at 2, n.3) (objecting to "allegations that Reyes's trial counsel and a paralegal convinced him not to speak to a supervisor, that he entered a guilty plea because he was threatened, that the prosecutor lied to him, and that his counsel filed a complaint against the prosecutor").

The Court agrees with the Government. Mr. Reyes's reply (Civ. Doc. # 29) attempts to raise new facts and arguments not made in the Motion. When the Court granted Mr. Reyes leave to file his amended Section 2255 Motion, the Court expressly ordered that "Mr. Reyes must include all facts and arguments he wishes the Court to consider in the amended 2255 motion." (Civ. Doc. # 23). Accordingly, the Court will not consider

11

the new allegations in Mr. Reyes's reply (Civ. Doc. # 29), which are waived. See McKiver v. Sec'y, Fla. Dep't of Corr., 991 F.3d 1357, 1365 (11th Cir. 2021) ("[A]rguments raised for the first time in a party's reply brief are waived."); Wallace v. United States, No. 8:11-cr-287-SCB-MAP, 2014 WL 12605465, at *5 (M.D. Fla. Jan. 13, 2014) ("Petitioner's § 2255 motion did not contend that appellate counsel was ineffective for failing to argue the Fourth Amendment issues, and this ineffectiveness claim was raised for the first time in his reply brief. . . . Arguments raised for the first time in a reply brief are deemed waived."). The Court will only consider the allegations in the Motion.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient performance, Mr. Reyes must demonstrate by a preponderance of the evidence "that particular and identified acts or omissions of counsel 'were outside the wide range of professionally competent assistance.'" Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (citations omitted). To satisfy Strickland's second prong — prejudice — Mr. Reyes must show that "there is

a   reasonable   probability   that,   but   for   counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The second ground of Mr. Reyes's amended Section 2255 Motion is insufficiently pled. Mr. Reyes presents a mere conclusory allegation that his attorney was ineffective because she "acted more as a prosecutor than his defense attorney." (Civ. Doc. 24 at 1). In the Motion, Mr. Reyes fails to allege any particular or identified acts or omissions that were outside the range of professionally competent assistance on the part of his attorney.

Simply put, "[c]onclusory allegations of ineffective assistance are insufficient." Wilson v. United States, 962 F.2d 996, 998 (11th Cir. 1992) (citation omitted). See also Alexander v. United States, No. 3:16CV189-MHT, 2018 WL 1555657, at *6 (M.D. Ala. Mar. 5, 2018) ("Alexander's § 2255 motion contains a conclusory claim that her guilty plea was unlawfully induced and not knowing and voluntary . . . The conclusory nature of her claim forecloses the possibility of any relief."), report and recommendation adopted, No. 3:16CV189-MHT, 2018 WL 1546367 (M.D. Ala. Mar. 29, 2018); Brown v. United States, No. CR 19-00019-JB-B, 2022 WL 3643653, at *5 (S.D. Ala. June 24, 2022) ("Brown's claim of an illegal

13

sentence is subject to summary denial because it rests entirely on unsupported generalizations and is contradicted by the record."), report and recommendation adopted, No. CR 19-00019-JB-B, 2022 WL 3638175 (S.D. Ala. Aug. 23, 2022); Pio v. United States, No. 13-23666-CIV, 2014 WL 4384314, at *3 (S.D. Fla. Sept. 3, 2014) ("Conclusory allegations of ineffective assistance of counsel are insufficient to state a claim.").

Accordingly, the Motion is denied to the second ground.

### 3.   The Third, Fourth, and Fifth Grounds

In his third, fourth, and fifth grounds, Mr. Reyes states in full:

> The defendant request sentencing reduction to time serve because his father has Alzimers and his mother has dementia and he is the only one now that can take care of them. His mother is allone with his father.
>
> That the defendant has small grandchildren that needs him and he is suffering because of it.
>
> The defendant feels that his sentence does not fit the crime and is requesting sentence reduction time serve so he as notice that repents from all that happen and wishes to get his professional life back into order.

(Civ. Doc. # 24 at 1-2) (typographical errors in original).

14

The third, fourth, and fifth grounds of Mr. Reyes's amended Section 2255 Motion are not cognizable bases to vacate, set aside, or correct his conviction or sentence. Section 2255 only authorizes an attack on a sentence because (1) it was imposed in violation of the Constitution or the laws of the United States; (2) it was imposed without jurisdiction; (3) it exceeds the maximum authorized by law; or (4) it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Here, the third, fourth and fifth grounds of Mr. Reyes's amended Section 2255 Motion do not allege any error of law or collateral attack; instead, they merely reflect Mr. Reyes's attempt to demonstrate compelling reasons for a reduction of his sentence. Indeed, these very grounds are now moot, as Mr. Reyes made the exact same arguments in his pro se "Motion for Compassionate Release," filed June 14, 2025. (Crim. Doc. # 166 at 2-3). The Court denied that motion on February 6, 2026. (Crim. Doc. # 178).

Accordingly, the Motion is denied as to the third, fourth, and fifth grounds because such grounds are not cognizable.

## III. **Evidentiary Hearing**

As the Court readily determined that Mr. Reyes's amended Section 2255 Motion lacks merit, no evidentiary hearing is

15

required. See 28 U.S.C. § 2255(b) (stating that an evidentiary hearing is not necessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); see also Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015) ("To establish that he is entitled to an evidentiary hearing, Hernandez had to allege facts that would prove that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance.").

## IV.  Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied

The Court declines to issue a certificate of appealability because Mr. Reyes has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Mr. Reyes to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Mr. Reyes shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

16

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Elvis Harold Reyes's pro se amended 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 24) is **DENIED.**

(2)   The Clerk is directed to enter judgment accordingly and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of April, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE